## COAL RIDGE I. & C. CO. v. W. W. JENNINGS.

### ERROR TO THE COURT OF COMMON PLEAS OF NORTHUMBERLAND COUNTY.

Argued May 27, 1889—Decided June 28, 1889.

1. The provisions of § 4, act of June 30, 1885, P. L. 193, requiring the treasurers of corporations to assess a three mills tax upon the nominal value of corporate loans, to deduct the same from the interest paid thereon, and to return it into the state treasury, are not in violation of § 1, article IX. of the constitution of Pennsylvania, providing that all taxes shall be uniform upon the same class of subjects.
2. Nor is the said act of June 30, 1885, or said § 4, in violation of article V. or article XIV. of the amendments to the constitution of the United States, or to § 9 of article I. of the constitution of Pennsylvania, providing that no person shall be deprived of life, liberty or property without due process of law.

Before PAXSON, C. J., STERRETT, GREEN, CLARK and WILLIAMS, JJ.

No. 364 January Term 1888, Sup. Ct.; court below, No. 25 February Term 1888, C. P.

On December 7, 1887, W. W. Jennings brought assumpsit against the Coal Ridge Improvement and Coal Company, to recover interest upon corporate bonds made by the defendant company. Issue.

On December 23, 1887, the case was submitted to the court without the intervention of a jury, under the act of April 22, 1874, P. L. 109, and on February 28, 1888, the court, MAYER, P. J., filed the following decision:

From the evidence I find the following facts:

W. W. Jennings, the plaintiff, is a resident of Harrisburg, Pa., and was the owner on December 1, 1887, of forty first mortgage bonds, of the denomination of $500 each, making $20,000, of the Coal Ridge Improvement and Coal Company, the defendant, a corporation of the state of Pennsylvania, doing business in the county of Northumberland. By the terms of these bonds, which were registered, and the mortgage securing the same, there was due the plaintiff on December 1, 1887,

the sum of $600, being six months interest on said bonds. The plaintiff made demand upon the company for the payment of this interest, to wit, the sum of $600, to which defendant responded by tendering to the plaintiff the sum of $570, being the interest less the sum of $30, which the defendant claimed to deduct as a tax of three mills upon the nominal value of the bonds. This tax was deducted under the provisions of an act of assembly approved June 30, 1885 [P. L. 193], entitled, "A further supplement to an act, entitled an act to provide revenue by taxation," approved June 7, 1879.

The first section of the act of June 30, 1885, is an exact copy of the seventeenth section of the act of June 7, 1879 [P. L. 112], and the first section of the act of June 10, 1881 [P. L. 99], with the exception of the omission of bank shares, which are made the subject of a separate section, the second section. Under these two sections of the acts of 1879 and 1881, it has been decided by the Supreme Court in the case of the Commonwealth v. Lehigh V. R. Co., 104 Pa. 89, that the word "value" as used in these acts meant the actual value, and not the nominal or par value, of bonds and mortgages, and that a legal ascertainment of that value was essential to the assessment of a valid tax.

I find as a fact, that the actual value of the bonds of the Coal Ridge Improvement and Coal Company is not greater than three fourths of their par value, and that the interest on the bonds of said company of late years has been paid from the earnings of that portion of this company's property not covered by the mortgage. I find also from the evidence that the actual value of corporation securities held by individuals differs from their nominal or par value. In some cases it is below and in other cases above par. I further find that the securities issued by foreign corporations not doing business in Pennsylvania and held by residents of Pennsylvania, and those issued by individuals and owned in Pennsylvania, are assessed at their actual value. I further find that there are a great many bonds of foreign corporations not doing business in Pennsylvania, held by residents of Pennsylvania, the actual value of many of which bonds is much below their par value.

The court then discussed at length the act of June 30, 1885,

and held that the fourth section thereof was unconstitutional because: (1) It was in violation of section 1 of article IX. of the constitution of Pennsylvania, which requires that "All taxes shall be uniform upon the same class of subjects within the territorial limits of the authority levying the same," and (2) It was in violation of article XIV. of the amendments to the constitution of the United States, which provides that "no state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty or property, without due process of law, nor deny to any person within its jurisdiction the equal protection of the laws."

The court further held that the said act of June 30, 1885, was unconstitutional because also, (1) It was in violation of section 9, article I. of the constitution of Pennsylvania, which provides that "no person shall be deprived of his life, liberty or property, unless by the judgment of his peers, or the law of the land," and (2) It was in violation of article V. of the amendments to the constitution of the United States, which provides that "no person shall be . . . . . deprived of life, liberty or property, without due process of law."

Exceptions to this decision were overruled by the court, and judgment was entered in favor of the plaintiff for $600. Thereupon the defendant took this writ, assigning for errror inter alia, that the court erred in holding that the act of June 30, 1885, was unconstitutional.

*Mr. S. P. Wolverton,* for the plaintiff in error.

*Mr. M. E. Olmsted,* for the defendant in error.

PER CURIAM:

The question presented by this record has been so recently considered and discussed, that any further comments are unnecessary. See cases of Commonwealth v. Del. Div. Canal Co.;* Commonwealth v. Lake Shore & Michigan Southern Ry. Co.; Commonwealth v. City of Chester† and Common-

---

* 123 Pa. 594.

† 123 Pa. 626. The other cases referred to were not directed to be reported.

wealth v. Bell's Gap Railroad Co. These cases were so recently decided that they have not yet appeared in our State Reports, but see 23 W. N. 216.

> Judgment reversed and judgment is now entered in favor of the plaintiff below for $570 and costs.